[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Following a trial to the bench, defendant-appellant Terrance Crawford was convicted of burglary in violation of R.C. 2911.12(A)(2). The trial court sentenced Crawford to a four-year prison term. Crawford now appeals, bringing forth two assignments of error, which we consider together.
In his first assignment of error, Crawford argues that there was insufficient evidence to support the burglary conviction and that the trial court erred in denying his Crim.R. 29 motion. In his second assignment of error, Crawford maintains that his conviction was against the manifest weight of the evidence. We are unpersuaded.
In reviewing a sufficiency-of-the-evidence claim, an appellate court must examine the evidence presented at trial and determine whether the evidence, viewed in a light most favorable to the state, could have convinced any rational trier of fact that the defendant was guilty beyond a reasonable doubt.[1] When reviewing a challenge to the trial court's denial of a Crim.R. 29 motion, an appellate court is required to determine whether the evidence "[wa]s such that reasonable minds [could have] reach[ed] different conclusions" as to whether the state had proved each material element of the offense beyond a reasonable doubt.[2] On the other hand, when reviewing a weight-of-the-evidence question, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[3]
In support of his assignments of error, Crawford argues that there was insufficient evidence demonstrating that he was the person who committed the burglary, because the victim's identification of him was unreliable. We disagree. The record reveals that Joanne Johnson, the victim, observed Crawford on two separate occasions at close range and gave a detailed description of Crawford, including several distinctive identifying features (protruding ears and a prominent bald spot on the back of his head). Further, Johnson immediately identified Crawford as the man she had seen in her apartment from a photo array of six similar men. Accordingly, Johnson's identification testimony provided sufficient evidence connecting Crawford to the burglary. We also conclude, based on our review of the record, that Crawford's conviction was not against the manifest weight of the evidence. The first and second assignments are overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Doan and Hildebrandt, JJ.
[1] See State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
[2] See State v. Bridgeman (1978), 55 Ohio St.2d 261, 318 N.E.2d 184, syllabus.
[3] See State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717.